Filed 8/23/23  P. v. Casillas CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>MARCO ANTONIO CASILLAS,<br><br>  Defendant and Appellant. | 2d Crim. No. B324086<br>(Super. Ct. No. 2014018724.)<br>(Ventura County) |

Marco Antonio Casillas appeals from an order entered after the trial court's denial of his motion for resentencing pursuant to Penal Code section 1172.6 (formerly section 1170.95).[1]  We conclude that the court properly denied Casillas's motion because, as the actual killer, he is ineligible for relief pursuant to section 1172.6 as a matter of law.  (*People v. Lewis* (2021) 11 Cal.5th 952, 959, 971; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 893.)  We affirm.

---

[1] All statutory references are to the Penal Code.

This appeal concerns the 1997 murder of 16-year-old James Bush, who was stabbed to death by a burglar hiding in Bush's bedroom.  Technological advances in DNA testing permitted the solution of this cold case in 2014.  DNA analysis of human feces and palm print identification methods revealed Casillas as the burglar who stabbed Bush to death.

In 2017, a jury convicted Casillas of first degree murder and found that he committed the murder while engaged in a residential burglary.  (§§ 187, subd. (a), 189, 190.2, subd. (a)(17)(G).)  The trial court sentenced him to life without the possibility of parole plus five years for the enhancement pursuant to section 667, subdivision (a).  We affirmed the conviction in *People v. Casillas* (Oct. 28, 2019, B281363) [nonpub. opn.].

Following Casillas's conviction of first degree murder and burglary special circumstance and later appeal, he brought a motion for resentencing pursuant to section 1172.6.  The trial court denied the motion at the prima facie stage, concluding that Casillas, as the actual killer, is ineligible for resentencing as a matter of law.  In this appeal we reject Casillas's arguments that the court engaged in improper factfinding or that the jury may have convicted him of murder without finding that he was the actual killer.

*FACTUAL AND PROCEDURAL HISTORY*

In 1997, Bush and his mother, Gail Shirley, lived in Ventura.  In June 1997, they left their home to visit the Department of Motor Vehicles.  When they returned home, they did not notice anything amiss; their doors and windows remained locked.  They left the home again for errands.

When they returned home shortly thereafter, Bush noticed the screen on his bedroom window had been removed and the

2

window lock opened. Shirley sought to call the police emergency number but heard the front door slam and looked for Bush. She found him lying on the floor with stab wounds to his neck and stomach. Bush informed her that his assailant had left.

Ventura Police Officers responded quickly to Shirley's emergency call. An officer and paramedics rendered first aid to Bush but he died at the hospital.

That morning, neighbors saw a young Hispanic man knock on neighbors' doors, ostensibly seeking someone. Two young girls riding bicycles saw a young man run from an area near the Bush home. The man held a long knife which he placed in his waistband. The man wore a green-colored plaid shirt, similar to the shirt Casillas wore in his driver's license photograph. The girls later assisted police officers in drafting a sketch of the man. Another neighbor saw a young Hispanic man in the neighborhood who appeared nervous and was looking around. The neighbor informed police officers that the police sketch resembled the man she saw.

Police officers located a partial palm print from the windowsill in Bush's bedroom that was determined to be the point of entry. Officers also found human feces in a laundry basket in Shirley's dressing room. A neighbor found a folding knife in the neighborhood; it contained cotton fibers matching Bush's shirt.

In 2002, due to advances in DNA technology, police officers obtained a DNA profile from the feces left in the Bush home. In 2014, officers matched the palm print left on Bush's windowsill with Casillas's palm print. A later search of Casillas's computer revealed that he had researched DNA testing of feces, unsolved

murders in Ventura County, and elements of the crime of murder.

In our prior opinion, we rejected Casillas's theory that an unknown person entered Bush's home and stabbed Bush as "pure fantasy." (*People v. Casillas*, *supra*, B281363.) We concluded that sufficient evidence established that Casillas was "the direct perpetrator of the murder" and that there was no evidence of an accomplice. (*Ibid.*)

On January 28, 2022, Casillas filed a petition for resentencing asserting that he had been convicted pursuant to a felony-murder theory and that the trial court had instructed the jury regarding principles of aiding and abetting. Thus he reasoned that the jury convicted him without finding that he was the actual killer.

Following appointment of and briefing by counsel and the trial court's judicial notice of the record of conviction, the court held a contested hearing. During the hearing, the trial judge remarked that he had a "complete memory [of the tragic facts] in this case" and that the memory would "never fade." The judge then ruled that the only theory presented to the jury was that Casillas was the burglar and the actual killer of Bush: "There was never an argument presented to the jury it was anybody else." The court then denied the resentencing petition.

*DISCUSSION*

Casillas argues that the trial court erred by denying the resentencing petition at the prima facie stage because the court's special circumstance instruction incorporated the aiding and abetting language included in the felony murder and burglary escape instructions. He points out that there was no express finding that he was the actual killer. Casillas adds that a

4

personal weapon use allegation was not submitted to the jury. He also contends that the court erred by relying upon its own memory of the crime.

A person is entitled to resentencing relief pursuant to section 1172.6 if (1) "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine," (2) the petitioner "was convicted of murder," and (3) the petitioner "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a)(1)-(3).) In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (*Id.*, subd. (a)(3), amended by Stats. 2018, ch. 1015, § 2.) The amendment ensures that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Lewis*, *supra*, 11 Cal.5th 952, 959.) Section 1172.6 provides a procedure for convicted murderers who could not be convicted under the amended law to retroactively seek relief.

The trial court may consider the petitioner's record of conviction, including the court's own documents, in assessing whether a petitioner has made a prima facie case for relief pursuant to section 1172.6. (*People v. Lewis*, *supra*, 11 Cal.5th 952, 971-972 [record of conviction includes jury summations, jury instructions, verdict forms, and prior appellate opinions].) If the

record contains facts refuting the allegations in the petition, the court may make a credibility determination adverse to the petitioner. (*Id.* at p. 971.) The court may not engage in factfinding or weighing of evidence, however, at the prima facie stage. (*Id.* at p. 972.) We independently review the summary denial of a resentencing petition pursuant to section 1172.6. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

Here, as a matter of law, Casillas is ineligible for resentencing because the record of conviction conclusively establishes that he was "the actual killer" who personally stabbed and killed Bush. (§ 189, subd. (e)(1); *People v. Vang* (2022) 82 Cal.App.5th 64, 88 [the actual killer is the person who personally committed the homicide].)

The trial court instructed with two theories of felony murder: CALCRIM No. 540A (Felony Murder: First Degree – Defendant Allegedly Committed Fatal Act) and CALCRIM No. 540B (Felony Murder: First Degree – Coparticipant Allegedly Committed Fatal Act). The court also instructed regarding principles of aiding and abetting to be applied only in connection with the second theory of felony murder and not used for any other purpose. (CALCRIM Nos. 400, 401.) No other instructions used aider and abettor language regarding the death of the victim.

The trial court instructed regarding the special circumstance of burglary: "To prove that this special circumstance is true, the People must prove that: [¶] 1. The defendant committed burglary; [¶] 2. The defendant intended to commit burglary; [¶] and [¶] 3. The defendant did an act that caused the death of another person." (CALCRIM No. 730 [Special

6

Circumstances:  Murder in Commission of Felony].)  The jury was not instructed that aiding and abetting principles applied to the burglary special circumstance.

Moreover, the prosecution's theory of the crime was that only Casillas was in the Bush home that morning and that there was no evidence of an accomplice.  The prosecutor described the defense theory of an unknown person who entered the home later and stabbed Bush as unreasonable and unsupported by any evidence.  Casillas was prosecuted as the sole defendant, the only burglar, and the actual killer.  (*People v. Patton* (2023) 89 Cal.App.5th 649, 657 [defendant who is sole participant and actual killer denied resentencing as a matter of law].)  Unlike *People v. Lopez* (2022) 78 Cal.App.5th 1, there is no evidence that Casillas had an accomplice or that another person was present during the burglary and stabbing.

We also reject Casillas's assertion that by relying upon its memory of the trial, the trial court engaged in improper factfinding.  The court acknowledged it would (and did) receive the record of conviction including the jury instructions and the reporter's transcripts.  Casillas also briefed the issue of factfinding at the prima facie stage of resentencing and improper reliance upon factual recitations in appellate opinions.  We presume the court follows the law in the performance of its official duty absent evidence to the contrary.  (*Ross v. Superior Court* (1977) 19 Cal.3d 899, 913; *People v. Abdelsalam* (2022) 73 Cal.App.5th 654, 663.)

*DISPOSITION*
The judgment (order) is affirmed.
NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

Matthew P. Guasco, Judge

Superior Court County of Ventura

_____


Claudia Y. Bautista, Public Defender, and Thomas Hartnett, Deputy Public Defender, for Defendant and Appellant
Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.